John Francis ANDERSON, Appellant,

v.

SECRETARY OF STATE OF The State OF IOWA, Appellee.

No. 99–1170.

Supreme Court of Iowa.

Sept. 6, 2001.

Rehearing Denied Oct. 3, 2001.

John F. Anderson, Des Moines, pro se.

Thomas J. Miller, Attorney General, and Christie J. Scase, Assistant Attorney General, for appellee.

PER CURIAM.

John Francis Anderson, a citizen seeking declaratory, injunctive, and mandamus relief to compel the Iowa Secretary of State to place initiative and referendum issues on the general election ballot, appeals from a denial of the relief requested. The district court dismissed the petition on the ground that it failed to state a claim upon which relief could be granted under applicable law. After reviewing the record and considering the arguments presented, we agree with the district court and affirm its judgment.

In his action, Anderson sought an order compelling the Secretary of State to place on the general election ballot the following measures:

Should the involuntary annexation statute be repealed?

       YES _____       NO _____

Should a bifurcated vote be required for voluntary annexation?

       YES _____       NO _____

In seeking to reverse the district court's refusal to order that these measures be placed on the ballot, Anderson argues that the framers of the Iowa Constitution clearly intended and assumed that the people shall specify to the legislature what is required of them and compel a response that accommodates their demand. He bases this contention on provisions of article I, section 2 of the Iowa Constitution, which provides:

> All political power is inherent in the people. Government is instituted for the protection, security and benefit of the people, and they have the right, at all times, to alter or reform the same, whenever the public good may require it.

Anderson's argument must fail because the people in exercising the political power that inheres in them established a republican form of government under which the sole authority for enacting legislation was vested in a popularly elected general assembly by article III, section 1 of the Iowa Constitution. This court has held that the people lack power to make laws of statewide application and has rejected attempts by the legislature to obtain voter approval of proposed legislation. See *Stewart v. Polk County*, 30 Iowa 9, 18 (1870); *State v. Geebrick*, 5 Iowa 491, 492–93 (1858); *Santo v. State*, 2 Iowa (Clarke) 164, 202–03 (1855). If the legislature itself may not propose legislation to be enacted by vote of the people, then, *a fortiori*, an individual citizen may not do so.

 Anderson contends that he was entitled to a grant of the relief requested as a matter of law because no answer or motion was filed within the time specified in the original notice. There are two reasons why this contention must be rejected. First, the Secretary of State's motion to dismiss was filed within ten days of having received written notice of intent to seek default pursuant to Iowa Rule of Civil Procedure 231(b) and thus cured the default before Anderson could legally act thereon. Second, even if there had been a default, a party may not be allowed any greater relief than that to which the party is legally entitled on the facts alleged. *Rayburn v. Maher*, 227 Iowa 274, 285–86, 288 N.W. 136, 141 (1939); *Skvor v. Weis*, 153 Iowa 720, 731, 134 N.W. 85, 87–88 (1912).

Anderson also asked the district court to enjoin the application of any future involuntary annexations under Iowa Code section 368.11 (1999). He makes no argument on appeal concerning the source of the district court's authority to grant such relief other than suggesting that this is bad legislation. Assuming that he is correct in this regard, neither the district court nor this court is empowered to correct the situation.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

SNELL, S.J.,\* participates in lieu of STREIT, J., who takes no part.

---

\* Senior Judge assigned by order pursuant to Iowa Code section 602.9206 (2001).